Lawrence C. Hersh
Attorney at Law
17 Sylvan Street
Suite 102B
Rutherford, New Jersey  07070
Tel:  (201) 507-6300
Fax: (201) 507-6311
lh@hershlegal.com

<u>Of Counsel</u>
Theodore F. Shiells
Texas State Bar No. 00796087
Shiells Law Firm P.C.
1201 Main Street – Suite 2470
Dallas, Texas 75202
Tel: (214) 979-7312
Fax: (214) 979-7301
tfshiells@shiellslaw.com

*Attorneys for Plaintiff Simon Nicholas Richmond*

## IN THE UNITED STATES DISTRICT COURT
## FOR DISTRICT OF NEW JERSEY

_____

| | | |
|---|---|---|
| SIMON NICHOLAS RICHMOND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | _____ |
| ACE HARDWARE CORP**.** | ) | MLC-DEA |
| | ) | |
| Defendant. | ) | |

_____)

## <u>SEVERED FIRST AMENDED COMPLAINT AND JURY DEMAND</u>

## SEVERED FIRST AMENDED COMPLAINT AND JURY DEMAND

Plaintiff Simon Nicholas Richmond ("Richmond" or "Plaintiff"), for his claims against Defendant Ace Hardware Corp., ("Ace" or "Defendant") makes and files this Complaint and alleges as follows:

## 1.      STATEMENT OF RELATED CASES AND PRIOR PROCEEDINGS

This case is related to *Simon Nicholas Richmond v. Jiawei North America Inc., et al.*, 13-cv-1953 (MLC-DEA), and alleges infringement of the same United States Patents that are at issue in the aforementioned case, i.e., United States Patent Nos. 7,196,477; 7,429,827; 8,362,700; 8,089,370; 7,336,157; and, 8,077,052.  This case is further related to case docket nos. 13-cv-1944 (MLC-DEA), 13-cv-1949 (MLC-DEA), 13-cv-1950 (MLC-DEA), 13-cv-1951 (MLC-DEA), 13-cv-1952 (MLC-DEA), 13-cv-1953 (MLC-DEA), 13-cv-1954 (MLC-DEA), 13-cv-1957 (MLC-DEA), 13-cv-1959 (MLC-DEA), 13-cv-1960 (MLC-DEA), 13-cv-2916 (MLC-DEA), all of which have been consolidated with *Simon Nicholas Richmond v. Lumisol, et al.*, 13-cv-1944 (MLC-DEA).

The allegations contained in this Complaint against Defendant were originally filed in *Simon Nicholas Richmond v. Jiawei North America Inc., et al.*, 13-cv-1953 (MLC-DEA).  In an Order dated July 3, 2014, the claims against

Defendant **Ace** were severed, and Plaintiff was ordered to file a severed complaint against each individual defendant in Case No. 13-cv-1953 (MLC-DEA) by August 1, 2014.  (Case No. 13-cv-1944, Dkt. 122, p.10).

## 2.   THE PARTIES

### A.   Plaintiff Richmond.

1.   Plaintiff Richmond is an individual and a resident of New Jersey.

### B.   Defendant.

2.   Ace Hardware Corp. (Ace) is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 2200 Kensington Court, Oak Brook, IL 60523.  Ace may be served through its agent for service of process at Corporation Service Company, 2711 Centerville Rd., Suite 400, Wilmington, DE 19808.

3.   Service of the prior Original and First Amended Complaints in 13-cv-1953 (MLC-DEA) was previously properly effectuated on Defendant.

## 3.   SUBJECT MATTER JURISDICTION

4.   This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code, including 35 U.S.C. §§ 271 and 281-285. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331

and 1338(a).

## 4.     PERSONAL JURISDICTION AND VENUE

### A.     General.

5.     Personal jurisdiction over Defendant is proper pursuant to New Jersey Long-Arm Statute, N.J. CT. R. 4:4-4 and principles of due process.

6.     Ace has sufficient minimum contacts with New Jersey and this district and the maintenance of this suit does not offend traditional notions of fair play and substantial justice.

### B.     Specific Jurisdiction.

7.     Personal jurisdiction over Defendant is proper under principles of specific jurisdiction.

8.     Upon information and belief, Defendant has transacted and solicited business in New Jersey and in this district related to the subject matter of the claims alleged herein and, upon information and belief, has committed direct infringement in this state and district by importing, offering to sell and/or selling goods infringing one or more of the Patents-in-Suit, to customer(s) in this state.

9.     The infringement by Defendant that is the subject of the claims alleged has caused Plaintiff to suffer damages and other losses in New Jersey and

this district, a result that was reasonably foreseeable to Defendant at the time Defendant committed its misconduct.

**C.    General Jurisdiction.**

10.    Personal jurisdiction over Defendant is also proper under principles of general jurisdiction in that each United States Defendant either resides in this state and district and/or has regularly and purposefully conducted business in New Jersey and this district.

**D.    Venue.**

11.    Venue also properly lies in this district pursuant to 28 U.S.C. § 1400(b) because Defendant has committed acts of infringement in this district.

12.    Venue also properly lies in this district under 28 U.S.C. § 1391(b)(2) and/or (3) because, upon information and belief, either a substantial part of the events or omissions giving rise to the claims recited below occurred in this district, or a substantial part of the property that is the subject of the action is in this district, or because there is no district in which the action may otherwise be brought as provided in 28 U.S.C. § 1391, and this court has personal jurisdiction over Defendant.

## 5.  FACTUAL BACKGROUND

**A. Plaintiff's Patents-in-Suit**

13.    For many years, Richmond has engaged in the development, manufacture, and sale of solar-powered garden lighting. Richmond has taken steps to protect his innovative inventions and designs. In particular, Richmond owns United States utility and design patents relating to his solar-powered garden lights.

14.    Richmond is the inventor and owner of all right, title, and interest to the United States patent number 7,196,477 A1, entitled "Solar Powered Light Assembly to Produce Light of Varying Colors," ("'477 Color-Changing Patent"), which duly and legally issued to Richmond on 3/27/2007.

15.    Richmond is the inventor and owner of all right, title, and interest to the United States patent number 7,429,827 A1, entitled "Solar Powered Light Assembly to Produce Light of Varying Colors,"  ("'827 Color-Changing Patent"), which duly and legally issued to Richmond on 9/30/2008.

16.    Richmond is the inventor and owner of all right, title, and interest to the United States patent number 8,362,700 A1, entitled "Solar Powered Light Assembly to Produce Light of Varying Colors," ("'700 Color-Changing Patent"), which duly and legally issued to Richmond on 1/29/2013.

17.    Richmond is the inventor and owner of all right, title, and interest to

the United States patent number 8,089,370 A1, entitled "Illuminated Wind Indicator," ("'370 Framed Patent"), which duly and legally issued to Richmond on 1/3/2012.

18.    Richmond is the inventor and owner of all right, title, and interest to the United States patent number 7,336,157 A1, entitled "Illuminated Wind Indicator" ("'157 Wind Chime Patent"), which duly and legally issued to Richmond on 2/26/2008.

19.    Richmond is the inventor and owner of all right, title, and interest to the United States patent number 8,077,052 A1, entitled "Illuminated Wind Indicator," ("'052 Wind Chime Patent"), which duly and legally issued to Richmond on 12/13/2011.

20.    Plaintiff's '477 Patent is valid and enforceable.

21.    Plaintiff's '827 Patent is valid and enforceable.

22.    Plaintiff's '700 Patent is valid and enforceable.

23.    Plaintiff's '370 Patent is valid and enforceable.

24.    Plaintiff's '157 Patent is valid and enforceable.

25.    Plaintiff's '052 Patent is valid and enforceable.

26.    On November 3, 2011, United States Patent Publication No. US

2011/0266953 A1 (the "'953 Published Application") was published.  A copy of the '953 Published Application may be obtained for free from the official United States Patent and Trademark website, uspto.gov.  The invention as claimed in the '700 Patent is substantially identical to the invention as claimed in the '953 Published Application.

27.    On November 3, 2009, United States Patent Publication No. US 2009/0322495 A1 (the "'495 Published Framed Application") was published. A copy of the '495 Published Framed Application may be obtained for free from the official United States Patent and Trademark website, uspto.gov. The invention as claimed in the '370 Patent is substantially identical to the invention as claimed in the '495 Published Application.

28.    On March 26, 2009, United States Patent Publication No. US 2009/0078604 A1 (the "'604 Published Application") was published. A copy of the '604 Published Application may be obtained for free from the official United States Patent and Trademark website, uspto.gov. The invention as claimed in the '914 Try-Me Patent is substantially identical to the invention as claimed in the '604 Published Application.

29.    Richmond continues to engage in the development and sale of solar-

powered garden lighting and continues to take steps to protect his innovative inventions and designs and in this regard has applied for additional patent protection for his inventions. For example, on March 29, 2012, United States Patent Publication No. US 2012/0075104 A1 (the "'104 Published Application") was published, and on April 5, 2012, United States Patent Publication No. US 2012/0081888 A1 (the "'888 Published Application") was published.  Copies of the '104 and '888 Published Applications may be obtained for free from the official United States Patent and Trademark website, uspto.gov.

30.     At all times relevant to this action, Richmond has complied with any notice provisions of 35 U.S.C. § 287 as they may relate to the Patents-in-Suit.

**B.     Facts relevant to Defendant**

31.     ACE is involved in determining the relevant features of the solar lights it sells, and ACE has employees who possess knowledge and information regarding the design, manufacture, and technology embodied in solar lights covered by one or more of the patents-in-suit.

32.     ACE has more than 4,500 locations in 60 countries, including a Global Distribution warehouse in Shanghai, China, which employs more than 50 people and is a hub of all import activities.

33.     ACE offers appoximately 80,000 home improvement items and
Hardware Services; including 10,000 Ace branded products that are certified to be
as good, if not better, than leading global brands.  Futher ACE branded products
are available in every major hardware category.

34.     Defendant has imported, sold, exposed for sale or offered for sale
accused solar lighting products supplied by vendors other than the named
defendants in the cases consolidated under Case No. 13-cv-1944 (D.N.J.).

35.     Since issuance of one or more of the foregoing Richmond patents,
Defendant has or has been importing, exposing for sale, offering for sale, or selling
the following products:

    a)  3269255 Solar Light Crackle with Color Changing & White
LED

    b)  Item no: 8351678 Sunergy Welcome Solar Stake Light
Assortment (50400555) - 18 Pack

    c)  model 50403837 Ace Trading Solar Cracked Glass Stake Lamp

    d)  model 8332611 Hanging Teardrop Color Changing Solar LED
Light 2/Pk

    e)  model Sunergy® Windlights Solar Lighted Wind Chime

(50403337)

    f)  Yards & Beyond Color Changing Crackle Glass Sphere Solar Light (CS3-RS1-CB-T9)

    g)  Yards and Beyond Solar Color Changing Garden Stake - Set of 16 Assorted Colors and Styles - Ace No. 3269495

36.    In addition to the products identified in the preceding paragraph, Defendant has or has been importing, exposing for sale, offering for sale, and selling the solar lighting products identified in Exhibit A.

## 6.    INFRINGEMENT OF PLAINTIFF'S PATENTS

### Count 1 – Ace's Direct Infringement of '477 Patent

37.    The allegations of Paragraphs 1-36 are incorporated by reference as if fully set forth again herein.

38.    Ace has notice of Plaintiff's rights in the '477 Patent.

39.    Upon information and belief, Ace directly infringes, and has infringed, Plaintiff's '477 Color-Changing Patent by, at-least, exposing for sale, offering to sell, and selling one or more solar-powered garden light products that infringe '477 Patent. Upon information and belief, those solar-powered garden lights include, at least, the following products:

11

    a) model 8332611 Hanging Teardrop Color Changing Solar LED Light 2/Pk

    b) Yards and Beyond Solar Color Changing Garden Stake - Set of 16 Assorted Colors and Styles -Ace No. 3269495

    c) 3269255 Solar Light Crackle with Color Changing & White LED

    d) Yards & Beyond Color Changing Crackle Glass Sphere Solar Light (CS3-RS1-CB-T9).

40.    The attached "Preliminary Product List - Ace, attached as Exhibit A, contains a non-comprehensive list of products that, upon information and belief, are believed to constitute infringement of Richmond's patents, where a "Y" under the column labeled '477 Patent indicates that the product identified in the corresponding row is believed to be an infringement of Plaintiff's '477 Color-Changing Patent.

41.    Upon information and belief, Ace has and is exposing for sale, offering to sell, and selling other solar-powered garden light products which infringe Plaintiff's '477 Color-Changing Patent and will continue to do so unless restrained by this Court.

## Count 2 – Ace's Direct Infringement of '827 Patent

42.     The allegations of Paragraphs 1-42 are incorporated by reference as if fully set forth again herein.

43.     Ace has notice of Plaintiff's rights in the '827 Patent.

44.     Upon information and belief, Ace directly infringes, and has infringed, Plaintiff's '827 Color-Changing Patent by, at-least, exposing for sale, offering to sell, and selling one or more solar-powered garden light products that infringe the '827 Patent. Upon information and belief, those solar-powered garden lights include, at least, the following products:

   a)  model 8332611 Hanging Teardrop Color Changing Solar LED Light 2/Pk

   b)  Yards and Beyond Solar Color Changing Garden Stake - Set of 16 Assorted Colors and Styles - Ace No. 3269495

   c)  model 50403837 Ace Trading Solar Cracked Glass Stake Lamp

   d)  3269255 Solar Light Crackle with Color Changing & White LED

   e)  Yards & Beyond Color Changing Crackle Glass Sphere Solar Light (CS3-RS1-CB-T9).

13

45.     The attached "Preliminary Product List - Ace, attached as Exhibit A, contains a non-comprehensive list of products that, upon information and belief, are believed to constitute infringement of Richmond's patents, where a "Y" under the column labeled '827 Patent indicates that the product identified in the corresponding row is believed to be an infringement of Plaintiff's '827 Color-Changing Patent.

46.     Upon information and belief, Ace has and is exposing for sale, offering to sell, and selling other solar-powered garden light products which infringe Plaintiff's '827 Color-Changing Patent and will continue to do so unless restrained by this Court.

**Count 3 – Ace's Direct Infringement of '700 Patent**

47.     The allegations of Paragraphs 1-46 are incorporated by reference as if fully set forth again herein.

48.     Ace has notice of Plaintiff's rights in the '700 Patent.

49.     Upon information and belief, Ace directly infringes, and has infringed, Plaintiff's '700 Color-Changing Patent by, at-least, exposing for sale, offering to sell, and selling one or more solar-powered garden light products that infringe the '700 Patent. Upon information and belief, those solar-powered garden

lights include, at least, the following products:

    a) model 8332611 Hanging Teardrop Color Changing Solar LED Light 2/Pk

    b) Yards and Beyond Solar Color Changing Garden Stake - Set of 16 Assorted Colors and Styles - Ace No. 3269495

    c) model 50403837 Ace Trading Solar Cracked Glass Stake Lamp

    d) 3269255 Solar Light Crackle with Color Changing & White LED

    e) Yards & Beyond Color Changing Crackle Glass Sphere Solar Light (CS3-RS1-CB-T9).

50.    The attached "Preliminary Product List - Ace, attached as Exhibit A, contains a non-comprehensive list of products that, upon information and belief, are believed to constitute infringement of Richmond's patents, where a "Y" under the column labeled 'indicates that the product identified in the corresponding row is believed to be an infringement of Plaintiff's '700 Color-Changing Patent.

51.    Upon information and belief, Ace has and is exposing for sale, offering to sell, and selling other solar-powered garden light products which infringe Plaintiff's '700 Color-Changing Patent and will continue to do so unless

15

restrained by this Court.

## Count 4 – Ace's Direct Infringement of '370 Patent

52.     The allegations of Paragraphs 1-51 are incorporated by reference as if fully set forth again herein.

53.     **Ace** has notice of Plaintiff's rights in the '370 Patent.

54.     Upon information and belief, Ace directly infringes, and has infringed, Plaintiff's '370 Framed Patent by, at-least, exposing for sale, offering to sell, and selling one or more solar-powered garden light products that infringe the '370 Patent. Upon information and belief, those solar-powered garden lights include, at least, the following products:

> a)  Item no: 8351678 Sunergy Welcome Solar Stake Light
>     Assortment (50400555) - 18 Pack
>
> b)  model Sunergy® Windlights Solar Lighted Wind Chime
>     (50403337).

55.     The attached "Preliminary Product List - Ace, attached as Exhibit A, contains a non-comprehensive list of products that, upon information and belief, are believed to constitute infringement of Richmond's patents, where a "Y" under the column labeled '370 Patent indicates that the product identified in the

corresponding row is believed to be an infringement of Plaintiff's '370 Framed Patent.

56.     Upon information and belief, Ace has and is exposing for sale, offering to sell, and selling other solar-powered garden light products which infringe Plaintiff's '370 Framed Patent and will continue to do so unless restrained by this Court.

## Count 5 – Ace's Direct Infringement of '157 Patent

57.     The allegations of Paragraphs 1-56 are incorporated by reference as if fully set forth again herein.

58.     Ace has notice of Plaintiff's rights in the '157 Patent.

59.     Upon information and belief, Ace directly infringes, and has infringed, Plaintiff's '157 Wind Chime Patent by, at-least, exposing for sale, offering to sell, and selling one or more solar-powered garden light products that infringe the '157 Patent.  Upon information and belief, those solar-powered garden lights include, at least, the following products:

          a)  model Sunergy® Windlights Solar Lighted Wind Chime (50403337).

60.     The attached "Preliminary Product List - Ace, attached as Exhibit A,

contains a non-comprehensive list of products that, upon information and belief, are believed to constitute infringement of Richmond's patents, where a "Y" under the column labeled indicates that the product identified in the corresponding row is believed to be an infringement of Plaintiff's '157 Wind Chime Patent.

61.     Upon information and belief, Ace has and is exposing for sale, offering to sell, and selling other solar-powered garden light products which infringe Plaintiff's '157 Wind Chime Patent and will continue to do so unless restrained by this Court.

### Count 6 – Ace's Direct Infringement of '052 Patent

62.     The allegations of Paragraphs 1-61 are incorporated by reference as if fully set forth again herein.

63.     Ace has notice of Plaintiff's rights in the '052 Patent.

64.     Upon information and belief, Ace directly infringes, and has infringed, Plaintiff's '052 Wind Chime Patent by, at-least, exposing for sale, offering to sell, and selling one or more solar-powered garden light products that infringe the '052 Patent.  Upon information and belief, those solar-powered garden lights include, at least, the following products:

a)  model Sunergy® Windlights Solar Lighted Wind Chime

(50403337).

65.    The attached "Preliminary Product List - Ace, attached as Exhibit A,

contains a non-comprehensive list of products that, upon information and belief,

are believed to constitute infringement of Richmond's patents, where a "Y" under

the column labeled indicates that the product identified in the corresponding row is

believed to be an infringement of Plaintiff's '052 Wind Chime Patent.

66.    Upon information and belief, Ace has and is exposing for sale,

offering to sell, and selling other solar-powered garden light products which

infringe Plaintiff's '052 Wind Chime Patent and will continue to do so unless

restrained by this Court.

### 7.    PLAINTIFF'S DAMAGES AND IRREPARABLE HARM

67.    Plaintiff has been damaged as a result of Defendant's infringing

activities and will continue to be damaged unless such activities are enjoined by

this Court. Pursuant to 35 U.S.C. § 284, Plaintiff is entitled to damages adequate to

compensate for the infringement of Plaintiff's Patents, including, inter alia, lost

profits and/or a reasonable royalty.

68.    Plaintiff will be irreparably harmed if Defendant's patent infringement

continues.  Plaintiff relies upon his patents for protection of his business'

intellectual property and the rampant infringement of his patents by Defendant robs Plaintiff's business of its intellectual assets and denies Plaintiff the exclusivity in the marketplace for offering and selling his products to which he is entitled under the Patent Laws.  This seriously damages Plaintiff in a manner that cannot be adequately compensated by money alone.  Plaintiff is entitled to a permanent injunction prohibiting Defendant, its directors, officers, employees, agents, parents, subsidiaries, affiliates, and anyone else in active concert or participation with them, from taking any other actions that would infringe Plaintiff's Patents.

## 8.   JURY DEMAND

69.   Plaintiff hereby demands a trial by jury, pursuant to Fed. R. Civ. Proc. 38(b), for all issues so triable.

## 9.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the court enter judgment granting Plaintiff the following relief:

a.   Awarding Plaintiff his damages adequate to compensate for Defendant's infringement of Plaintiff's Patents, including, inter alia, lost profits and/or a reasonable royalty;

b.   Declaring this case to be exceptional under 35 U.S.C. §285 and

awarding Plaintiff his attorneys' fees, costs and expenses related to bringing this

action;

       c.     Enjoining Defendant from infringing Plaintiff's Patents; and

       d.     Awarding Plaintiff such further and other relief as the Court

deems just and equitable.

                        Respectfully submitted,

                        /s/ Lawrence C. Hersh
                        Lawrence C. Hersh
                        Attorney at Law
                        17 Sylvan Street
                        Suite 102B
                        Rutherford, New Jersey  07070
                        Tel:  (201) 507-6300
                        Fax: (201) 507-6311
                        lh@hershlegal.com
                        *Attorneys for Plaintiff*
                        *Simon Nicholas Richmond*

Of Counsel
Theodore F. Shiells
Texas State Bar No. 00796087
Shiells Law Firm P.C.
1201 Main Street – Suite 2470
Dallas, Texas 75202
Tel: (214) 979-7312
Fax: (214) 979-7301
tfshiells@shiellslaw.com